J-S85038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID EUGENE FERRARA | |
| Appellant | No. 1197 WDA 2017 |

Appeal from the PCRA Order entered May 22, 2017
In the Court of Common Pleas of Jefferson County
Criminal Division at No: CP-33-CR-0000486-2005

BEFORE: BOWES, PANELLA, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 16, 2018**

Appellant, David E. Ferrara, appeals *pro se* from the May 22, 2017 order dismissing his fifth petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq*.

Appellant raises twelve main issues and myriad sub-issues in the 50-plus single-spaced pages comprising the argument section of his brief. Despite the lengthy dissertation on the alleged errors committed by all courts involved in the review of his case so far,[1] Appellant neglects to address a preliminary question, *i.e.*, whether we have jurisdiction to entertain the instant PCRA petition, Appellant's fifth. Indeed, we do not. The instant PCRA

---

[1] Among other grounds, Appellant challenges the underlying facts giving rise to his convictions and the legality of his sentence, and claims double jeopardy violations.

petition is facially untimely and Appellant did not plead, let alone show, what exception, if any, he met to overcome the timeliness bar. Accordingly, we affirm.

The factual and procedural background of this matter is well-settled. Briefly, on September 18, 2006, a jury found Appellant guilty of sexual assault, involuntary deviate sexual intercourse, statutory sexual assault, and aggravated indecent assault. On June 20, 2007, the trial court sentenced Appellant to a term of ten to twenty years of incarceration for involuntary deviate sexual intercourse, a consecutive term of five to ten years for statutory sexual assault, and a consecutive term of five to ten years for aggravated indecent assault. The conviction for sexual assault merged for purposes of sentencing. Appellant was classified as a sexually violent predator. We affirmed his judgment of sentence on April 20, 2009. *See Commonwealth v. Ferrara*, No. 2153 WDA 2007, unpublished memorandum (Pa. Super. filed April 20, 2009). Our Supreme Court denied his petition for allowance of appeal on October 1, 2009. Appellant did not petition for a writ of certiorari in the United States Supreme Court. Therefore, Appellant's judgment of sentence became final on December 30, 2009, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct.R. 13. "[I]n order for Appellant to file a timely [] PCRA petition, it needed to be filed on or before December 30, 2010." *Commonwealth v. Ferrara*, No. 1765 WDA 2015, *supra*, at 3, n.2 (citation omitted).

Since his judgment of sentence became final and prior to filing the instant petition, Appellant filed one petition for writ of *habeas corpus* and four PCRA petitions, all unsuccessful. **See Commonwealth v. Ferrara**, No. 641 WDA 2009, unpublished memorandum (Pa. Super. filed June 15, 2010) (appeal from denial of petition for writ of *habeas corpus*); **Commonwealth v. Ferrara**, Nos. 1112 WDA 2010, 1113 WDA 2010, unpublished memorandum (Pa. Super. filed April 19, 2011) (appeal from denial of Appellant's first PCRA petition); **Commonwealth v. Ferrara**, No. 1158 WDA 2012, unpublished memorandum (Pa. Super. filed May 8, 2013) (appeal from denial of Appellant's second PCRA petition); **Commonwealth v. Ferrara**, No. 1765 WDA 2015, unpublished memorandum (Pa. Super. filed October 6, 2016) (appeal from denial of Appellant's third PCRA petition).[2]

Appellant filed the instant PCRA petition, as noted, his fifth, on April 13, 2017. The PCRA court dismissed it on May 22, 2017. This appeal followed. Upon review, we conclude the PCRA court properly dismissed Appellant's petition as untimely.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions,

---

[2] Appellant filed his fourth PCRA petition on March 1, 2017, which the PCRA court denied on April 4, 2017. It appears Appellant did not appeal to this Court from the denial of his fourth PCRA petition.

"including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, "[i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady*[3] claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.") (citing *Commonwealth v. Fahy*, 737 A.2d 214, 223 (1999)).

As noted, Appellant filed the instant petition on April 13, 2017, more than seven years after December 30, 2009 when his judgment of sentence became final. Thus, the instant petition is untimely on its face.

---

[3] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

Additionally, as noted, Appellant failed to allege and prove he satisfied any of the three exceptions to the PCRA's timeliness requirements.  **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

For these reasons, the PCRA court properly dismissed Appellant's fifth PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/16/2018